WhitakeR, Judge,
delivered the opinion of the court:
Petitioner files what he calls a “Petition for Review and Reconsideration” of the action of the Claims Service, Philry-com, on the claim he filed with them for materials which he alleges he delivered to the United States Army Construction Project at Camp O’Donnell, Capas, Tarlac.
Defendant filed a motion to dismiss on the ground, among others, that the petition does not state a cause of action within the jurisdiction of this eourt.
Claimant says that he delivered various materials to this construction project under order from one who he says was acting under the authority of the Construction Officer of said camp, one Lieutenant Alfredo R. Santos, and that he has not been paid for them. He says he filed his claim with the Claims Service, Philrycom, and that this claim was denied. He prays that this court require the “Headquarters, Adjutant General Records Depository, Philippine Air Command, U. S. Army, APO 900, in the Philippines, to certify forthwith to the court the records of all proceedings and of the claim had before said Headquarters in the above matter, so that the same may be considered,” and that the “decision of the Claims Service, be held to be irregular and erroneous, and that another order superseding the same be entered granting the petition of the petitioner in accordance with the prayer thereof.” He further prays that he “be awarded the amount herein claimed.”
It is clear that we cannot grant plaintiff’s prayer. We have no appellate jurisdiction over the proceedings of the Claims Service. We have, of course, original jurisdiction of a suit against the United States for amounts due under a contract between plaintiff and the United States, but to establish such a claim it is necessary for plaintiff to produce his witnesses in court either in person or by deposition, interrogate them, and subject them to cross-examination. Plaintiff’s claim before the Claims Service is supported only by ex parte affidavits, which of course are not admissible in evidence in this court.
Furthermore, it is not clear whether these materials were furnished the United States Army or the Philippine Army. *808 If they were furnished the Philippine Army, plaintiff could not recover for the value of them from the United States. Isidro Victorio v. United States, No. 49541, decided July 10, 1950.
We do not consider it necessary to discuss defendant’s other defenses.
Defendant’s motion is granted, and plaintiff’s petition dismissed.
Howell, Judge/ Madden, Judge/ Littleton, Judge; and Jones, Chief Judge, concur.